OPINION
{¶ 1} Larry Ealy appeals pro se from the trial court's entry of judgment against him on his complaint alleging that appellees Gilbert Switala and Jim Thorson committed legal malpractice and violated his due process rights.
 {¶ 2} Ealy's appellate brief contains four "causes of error," which we will *Page 2 
construe as assignments of error. First, he contends the trial court erred in denying him an opportunity to respond to the appellees' motion for judgment on the pleadings. He also claims the appellees committed legal malpractice through their non-payment of certain medical bills. Second, he asserts that the appellees filed a frivolous counterclaim against him. Third, he states that he suffers from various medical problems and that the appellees' actions have exacerbated his condition. Fourth, he argues that the appellees erroneously advised him not to report the proceeds from a settlement to the Social Security office.
 {¶ 3} The record reflects that the appellees represented Ealy in a personal-injury lawsuit against the YMCA of Dayton. He ultimately agreed to settle the lawsuit for $75,000. In connection with the settlement, Ealy signed a disbursement sheet and an addendum thereto on July 30, 2004. He then received a trust-account check for $45,000, which represented his share of the settlement after the authorized disbursements.
 {¶ 4} On August 30, 2005, Ealy filed the present action against the appellees. His pro se complaint alleged that the appellees had committed legal malpractice by failing to pay all his medical bills out of the settlement proceeds and by failing to file a medical malpractice lawsuit on his behalf. The complaint also alleged that the appellees had violated his due process rights by advising him that he could not win the personal-injury lawsuit at trial because of his reputation.
 {¶ 5} The appellees responded to Ealy's lawsuit with a frivolous-conduct counterclaim, alleging that his complaint lacked evidentiary support and served only to harass or maliciously injure them. The appellees later filed an unopposed motion for *Page 3 
judgment on the pleadings. The trial court sustained the motion with regard to Ealy's due process claim but overruled it as to the legal malpractice claims. The appellees then filed an unopposed motion for summary judgment on the legal malpractice claims. A magistrate sustained the motion after reviewing evidentiary materials provided by the appellees. Ealy did not file any objections to the magistrate's written decision, which the trial court approved and adopted. Ealy has appealed from the trial court's entry of judgment against him. At the time of Ealy's appeal, the appellees' counterclaim remained pending in the trial court. The appellees voluntarily dismissed their counterclaim, however, on June 5, 2007. Therefore, no issues remain pending below, and the trial court's entry of judgment against Ealy on his complaint is a final, appealable order.
 {¶ 6} In his first assignment of error, Ealy contends the trial court erred in denying him an opportunity to respond to the motion for judgment on the pleadings. He also claims the appellees committed legal malpractice by failing to pay all his medical bills.
 {¶ 7} We find no merit in either argument. The appellees moved for judgment on the pleadings on November 3, 2005. The trial court did not rule on the motion until February 7, 2006. On appeal, Ealy asserts that a knee operation on April 19, 2006 interfered with his ability to respond to the motion. This argument fails, however, because the trial court ruled on the motion two months before the knee operation. Moreover, the record contains no evidence to support Ealy's claim that the trial court deprived him of an opportunity to respond to the motion.
 {¶ 8} As for the appellees' failure to pay certain medical bills out of the *Page 4 
settlement proceeds, the magistrate found no legal malpractice and sustained an unopposed motion for summary judgment against Ealy. In so doing, the magistrate relied on evidence showing that Ealy personally instructed the appellees not to pay any medical providers other than one physician and the Ohio Department of Human Services. Ealy filed no objections to the magistrate's decision, which the trial court approved and adopted. Because Ealy failed to file any objections, we review the trial court's adoption of the magistrate's decision only for plain error. See Civ.R. 53(D)(3)(b)(iv). Having conducted such a review, we find no plain error. Ealy's first assignment of error is overruled.
 {¶ 9} In his second assignment of error, Ealy contends the appellees filed a frivolous counterclaim against him. This argument raises no issues for appellate review. If Ealy objected to the counterclaim (which has been voluntarily dismissed), he should have sought relief below. Because the trial court never addressed whether the counterclaim was frivolous, we have nothing to review. The second assignment of error is overruled.
 {¶ 10} In his third assignment of error, Ealy alleges that he suffers from various medical problems and that the appellees' actions have exacerbated his condition. Once again, this argument raises no issues for appellate review. If Ealy's legal claims possessed merit, his argument might be relevant to the issue of damages. But Ealy has not shown any error in the trial court's entry of judgment against him on his complaint. Accordingly, we overrule his third assignment of error.
 {¶ 11} In his fourth assignment of error, Ealy argues that the appellees erroneously advised him not to report the proceeds from the lawsuit settlement to the *Page 5 
Social Security office. Once again, this argument raises an issue that was neither presented below nor addressed by the trial court. As a result, it is not a proper subject for appellate review. Ealy's fourth assignment of error is overruled.
 {¶ 12} Based on the reasoning set forth above, the judgment of the Montgomery County Common Pleas Court his hereby affirmed.
GRADY and WALTERS, JJ., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.) *Page 1