[Cite as *Leatherwood v. Medco Health Solutions of Columbus*, 2013-Ohio-4780.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jo Leatherwood, | : | |
| Plaintiff-Appellant, | : | No. 13AP-242 |
| | | (C.P.C. No. 12CV-5958) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Medco Health Solutions of Columbus et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on October 29, 2013

*Malek & Malek*, and *Doug Malek*, for appellant.

*Kegler, Brown, Hill & Ritter Co., LPA, David M. McCarty*, *Randall W. Mikes*, and *Rebecca Roderer Price*, for appellee Medco Health Solutions of Columbus.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Jo Leatherwood, plaintiff-appellant, appeals the judgment of the Franklin County Court of Common Pleas in which the court denied appellant's motion for leave to file an amended complaint instanter, and granted the motion for summary judgment filed by Medco Health Solutions of Columbus ("Medco"), defendant-appellee. Because the trial court did not abuse its discretion in denying appellant's motion to amend her complaint, and because res judicata bars the claim asserted in her complaint, we affirm.

**Facts and Procedural History**

{¶ 2} Appellant is employed by Medco, a self-insured employer under the Ohio Workers' Compensation System. On December 3, 2005, appellant was injured while at work. Medco certified the claim for a right knee sprain, but the Industrial Commission of

Ohio ("commission") determined that she was not entitled to participate in the Ohio Workers' Compensation Fund ("the fund") for the aggravation of pre-existing osteoarthritis to her right knee.

{¶ 3}   On December 11, 2006, appellant filed a complaint in the trial court seeking the right to participate in the fund for aggravation of pre-existing osteoarthritis of the right knee. Appellant voluntarily dismissed this action on February 29, 2008, and re-filed it on February 26, 2009. On March 24, 2010, a trial was held and a jury found that appellant was not entitled to participate in the fund for aggravation of pre-existing osteoarthritis of the right knee.

{¶ 4}   On August 17, 2010, appellant filed a motion with the commission requesting the additional allowance for aggravation of pre-existing patella subluxation of the right knee. The commission disallowed the claim.

{¶ 5}   On November 24, 2010, appellant filed a complaint in the trial court seeking the right to participate in the fund for aggravation of pre-existing patella subluxation of the right knee. On May 10, 2011, appellant voluntarily dismissed the action.

{¶ 6}   Almost one year later, appellant filed another complaint against Medco and Stephen Buehrer, administrator, Bureau of Workers' Compensation, defendant-appellee, in which she indicated that the matter was a re-filed action.  Appellant listed the condition at issue as being "aggravation of pre-existing osteoarthritis, right knee."

{¶ 7}   After the case had been pending for approximately eight months, Medco filed a motion for summary judgment asserting that res judicata precluded relitgation of appellant's claim for aggravation of pre-existing osteoarthritis of the right knee because that claim had already been disallowed pursuant to a jury verdict. Shortly thereafter, appellant filed a motion for leave to file amended complaint instanter alleging the right to participate in the fund for aggravation of pre-existing patella subluxation of the right knee.  Appellant argued that she mistakenly referred to the wrong condition in her complaint.  Nevertheless, while this motion was still pending, appellant responded to a discovery request from Medco and again identified the condition at issue as aggravation of pre-existing osteoarthritis of the right knee.

{¶ 8}   On February 27, 2013, the trial court issued a judgment in which it denied appellant's motion for leave to file an amended complaint instanter and granted Medco's motion for summary judgment.  Noting that the discovery cutoff date had now passed and

that the trial date was now less than three months away, the trial court found that granting appellant's motion for leave to amend would cause undue delay and/or undue prejudice to Medco.  Appellant appeals the judgment of the trial court, asserting the following assignments of error:

> I. The trial court erroneously denied Plaintiff-Appellant's Motion For Leave to Amend Complaint, Instanter because there exists no evidence of bad faith, undue delay or prejudice to the opposing party.
>
> II. The trial court erroneously granted Defendant-Appellees' Motion for Summary Judgment because genuine issues of material fact remain which should properly be decided by a jury.

## Appellant's Motion for Leave to Amend Complaint

{¶ 9}  Appellant argues in her first assignment of error that the trial court erred when it denied her motion for leave to file an amended complaint instanter. It is well-established that a trial court's determination whether to grant a motion for leave to amend a complaint will not be reversed on appeal absent an abuse of discretion. *Csejpes v. Cleveland Catholic Diocese*, 109 Ohio App.3d 533, 541 (8th Dist.1996), citing *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120 (1991). An abuse of discretion is more than an error of law; the trial court's action must be unreasonable, arbitrary, or unconscionable. *Id.*

{¶ 10} Civ.R. 15(A) allows for amendment of pleadings by leave of court or by written consent of the other party after a responsive pleading has been made. Civ.R. 15(A) expressly provides, "[l]eave of court shall be freely given when justice so requires." The Supreme Court of Ohio has held that "[t]he language of Civ.R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6 (1984).

{¶ 11} In this case, appellant sought to amend her complaint after Medco filed its motion for summary judgment. The proposed amended complaint changed the condition at issue from aggravation of pre-existing osteoarthritis of the right knee to aggravation of pre-existing patella subluxation of the right knee. In its motion for leave to amend the complaint, appellant argued that the condition indicated in the original complaint was

obviously a mistake; Medco was on notice of the correct condition because appellant indicated the case was a re-filed case; the record of proceedings attached to the complaint pertained to the correct condition; and Medco would suffer no prejudice by the amendment.

{¶ 12} The trial court denied appellant's motion to amend her complaint, finding that allowing the amendment would cause undue delay and undue prejudice based upon: (1) appellant filed her motion to amend only after Medco filed its motion for summary judgment; (2) appellant filed her motion nearly nine months after the complaint was filed; (3) the discovery cutoff date had passed and the trial date was less than three months away; and (4) discovery responses completed by appellant after she filed her motion to amend again indicated that the condition at issue was aggravation of pre-existing osteoarthritis of the right knee.

{¶ 13} As previously noted, this court reviews a trial court's denial of a motion for leave to amend a complaint under an abuse of discretion standard. Given the trial court's findings, we cannot conclude that the trial court abused its discretion by denying appellant's motion to amend. For the reasons cited by the trial court, finding undue delay and/or undue prejudice under these circumstances is not unreasonable, arbitrary, or unconscionable. Although this court may have decided the motion differently, we nevertheless conclude that the trial court did not abuse its discretion. Therefore, we overrule appellant's first assignment of error.

## Trial Court's Grant of Medco's Motion for Summary Judgment

{¶ 14} Appellant argues in her second assignment of error that the trial court erred when it granted summary judgment to Medco. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. *McKay v. Cutlip*, 80 Ohio App.3d 487, 491 (9th Dist.1992). The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and

identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. *Id.* Once this burden is satisfied, the non-moving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. *Id.* The non-moving party may not rest upon the allegations or denials in the pleadings, but must affirmatively demonstrate the existence of a genuine issue of material fact to prevent the granting of a motion for summary judgment. Civ.R. 56(C); *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).

{¶ 15} Here, the trial court found that appellant's claim for relief based upon the condition of aggravation of pre-existing osteoarthritis of the right knee was res judicata because Medco already had a judgment in its favor on that claim pursuant to a jury trial. Appellant's argument that the trial court erred when it granted summary judgment to Medco is premised solely upon the contention that the trial court erred when it denied her motion to amend her complaint. As we have found the trial court did not abuse its discretion when it denied her motion to amend her complaint, we find the trial court did not err when it granted summary judgment. Therefore, appellant's second assignment of error is overruled.

{¶ 16} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

T. BRYANT, J., concurs.
BROWN, J., dissents.

T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

BROWN, J., dissenting.

{¶ 17} I respectfully dissent.

_____