[Cite as *Everhart v. Coshocton Cty. Mem. Hosp.*, 2024-Ohio-1671.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Machelle Everhart, Individually and as Administrator of the Estate of Todd Everhart, Deceased, | : | |
| | : | |
| Plaintiff-Appellant, | : | |
| | | No. 21AP-74 |
| v. | : | (C.P.C. No. 08CV-1385) |
| Coshocton County Memorial Hospital et al., | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on April 30, 2024

**On brief:** *Colley, Shroyer & Abraham Co. LPA, David I. Shroyer*, for appellant.
**Argued:** *David I. Shroyer.*

**On brief**: *Reminger Co., L.P.A., David H. Krause*, and *Thomas N. Spyker*, for appellee Joseph J. Mendiola, M.D.
**Argued**: *Thomas N. Spyker.*

**On brief:** *Poling Law, Frederick A. Sewards*, and *Patrick F. Smith*, for appellee Mohamed Hamza, M.D.

**On brief:** *Poling Law*, *Brant Poling*, and *Zachary R. Hoover*, for appellees Coshocton County Memorial Hospital and Medical Services of Coshocton, Inc.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, P.J.

{¶ 1} This matter is before this court on remand from the Supreme Court of Ohio in *Everhart v. Coshocton Cty. Mem. Hosp.*, ___ Ohio St.3d ___, 2023-Ohio-4670, for review of our decision released March 3, 2022. The Supreme Court has remanded the matter to

this court for consideration of the remaining assignment of error raised by plaintiff-appellant, Machelle Everhart, individually and as administrator of the estate of Todd Everhart, deceased. After a thorough review of the record and law, this court affirms the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This court has extensively discussed the facts and procedural history of this case in both *Everhart v. Coshocton Cty. Mem. Hosp.*, 10th Dist. No. 12AP-75, 2013-Ohio-2210 ("*Everhart I*") and *Everhart v. Coshocton Cty. Mem. Hosp.*, 10th Dist. No. 21AP-74, 2022-Ohio-629 ("*Everhart II*"). The underlying facts of this case are as follows:

> [A]ppellant is a widow and administrator for the estate of her late husband, Todd Everhart. On December 21, 2003, Mr. Everhart was in an automobile accident and transported to the emergency room at Coshocton County Memorial Hospital ("Coshocton Hospital"). According to appellant, Drs. Rajendra Patel and Mohamed Hamza treated Mr. Everhart. Chest x-rays were ordered on Mr. Everhart at that time. Mr. Everhart was later transported by Life Flight from Coshocton Hospital to The Ohio State University Emergency Department ("Ohio State"). At Ohio State, new x-rays were taken of Mr. Everhart. Appellant alleged the chest x-rays showed opacity in the lung that required additional follow-up treatment to rule out malignancy. Mr. Everhart recovered from the injuries sustained in the automobile accident and was discharged from the hospital.
>
> On August 11, 2006, nearly three years after the automobile accident, Mr. Everhart presented at Coshocton Hospital. Mr. Everhart obtained a CT scan, which revealed masses on the right lung that were later diagnosed as advanced stage lung cancer. Mr. Everhart passed away on October 28, 2006.
>
> On January 25, 2008, appellant filed the initial complaint alleging causes of action for medical malpractice[1] and wrongful death against Coshocton Hospital and several physicians. Appellant argued Coshocton Hospital and physicians deviated from the standard of medical care by failing to send, receive, or act on Mr. Everhart's x-ray films and radiology report as to the lung opacity. On October 2, 2008, Dr. Hamza filed a motion for summary judgment arguing that there was no physician-patient relationship with Mr. Everhart and, therefore, Dr. Hamza did not owe him a duty of care.[2] Appellant requested additional time to conduct discovery before responding to the motion. Appellant ultimately filed a memorandum in opposition with

---

[1] Appellant contends she sent multiple 180-day letters to appellees pursuant to R.C. 2305.113(B)(1).

[2] On October 23, 2008, appellant filed an amended complaint. Appellant later filed a motion for leave to file a second amended complaint, which was granted by the trial court. On August 10, 2009, appellant filed a second amended complaint.

an affidavit by Dr. Harlan D. Meyer. Dr. Meyer stated that Dr. Hamza had a duty to review reports that are distributed to him, regardless of whether he saw the patient. On April 21, 2010, the trial court granted Dr. Hamza's motion for summary judgment. Appellant filed a motion for reconsideration of the trial court's decision on August 25, 2011. On January 3, 2012, the trial court denied appellant's motion for reconsideration but issued a nunc pro tunc entry as to the April 21, 2010 decision and entry granting summary judgment with Civ.R. 54(B) certification.

On May 30, 2013, this court reversed the trial court's decision finding it erred granting summary judgment in favor of Dr. Hamza and remanded the case for further proceedings as there was a genuine issue of material fact whether Dr. Hamza received the x-rays and read the radiology report and, therefore, whether a physician-patient relationship existed between the parties. *Everhart I* at ¶ 1.

In September 2017, appellees sought leave to file motions for judgment on the pleadings based on the Supreme Court of Ohio's decision in *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432. Appellees argued that appellant's claims were precluded by the four-year statute of repose under R.C. 2305.113(C). Appellant opposed the motions for leave contending that the statute of repose argument was waived as the defense was not asserted in the appellees' answers. Appellees proceeded to request leave to amend their answers in order to add statute of repose as an affirmative defense. On November 30, 2017, the trial court stayed the case based on Coshocton Hospital initiating bankruptcy proceedings. The case was reinstated on April 3, 2019. (May 16, 2019 Nunc Pro Tunc Entry.)

The trial court granted appellees' motions for leave to file amended answers and motions for leave to file motions for judgment on the pleadings on August 25 and August 27, 2020, respectively. On September 4, 2020, Dr. Mendiola filed a motion for judgment on the pleadings arguing that appellant's wrongful death cause of action was a medical claim and, therefore, barred by the four-year statute of repose set forth in R.C. 2305.113(C). A memorandum in opposition was filed on September 16, 2020. A reply was filed on September 23, 2020.

On September 15, 2020, appellant filed a motion for leave to file a third amended complaint. The motion was opposed by Coshocton Hospital and Dr. Mendiola on September 21 and September 23, 2020, respectively. A reply brief was filed on September 28, 2020. The trial court denied appellant's motion for leave to amend on December 11, 2020. On January 26, 2021, the trial court granted Dr. Mendiola's motion for judgment on the pleadings finding that appellant's wrongful death claim was a medical claim under R.C. 2305.113(E) and, thus, barred by the statute of repose.

Appellant filed a timely appeal.

*Everhart II* at ¶ 3-10.

{¶ 3}    In *Everhart II*, appellant asserted two assignments of error.  First, appellant alleged that the trial court erred when it applied the statute of repose for medical claims to a statutory wrongful death claim.  Appellant's second assignment of error concerned appellant's claim that the trial court erred by denying appellant leave to file a third amended complaint.  On March 3, 2022, we sustained appellant's first assignment of error finding that the four-year statute of repose for medical claims under R.C. 2305.113(C) did not include a statutory wrongful death claim.  *Everhart II* at ¶ 52.  Consequently, we denied as moot appellant's remaining assignment of error and remanded the matter back to the trial court for further proceeding.  *Everhart II* at ¶ 54.  On March 11, 2022, appellees filed motions to certify conflict, which we granted.  *Everhart II* (Apr. 14, 2022 Memo Decision.)  On December 28, 2023, the Supreme Court reversed our decision in *Everhart II* finding that appellant's cause of action for wrongful death based on medical care was a "medical claim" as defined by R.C. 2305.113(E) and therefore was subject to the four-year statute of repose provided in R.C. 2305.113(C).  *Everhart*, 2023-Ohio-4670, at ¶ 1.  The Supreme Court remanded the matter back to this court to resolve the remaining assignment of error. *Id*. at ¶ 32 ("we must remand the case to the Tenth District for it to address Everhart's assignment of error that the trial court erred when it denied her request to amend her complaint for a third time.  That issue is not before this court and must be resolved by the Tenth District.").

## II.  REMAINING ASSIGNMENT OF ERROR

{¶ 4}    Appellant assigned the following as trial court error:

> The trial court erred by denying Everhart leave to file a Third Amended Complaint.

## III.  STANDARD OF REVIEW

{¶ 5}    A trial court's denial of a motion for leave to amend a complaint is reviewed under an abuse of discretion analysis. *Leatherwood v. Medco Health Solutions of Columbus*, 10th Dist. No. 13AP-242, 2013-Ohio-4780, ¶ 9, citing *Csejpes v. Cleveland Catholic Diocese,* 109 Ohio App.3d 533, 541 (8th Dist.1996), citing *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120 (1991).  An abuse of discretion

connotes that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV.  LEGAL ANALYSIS

### A.  Appellant's Sole Remaining Assignment of Error

**{¶ 6}**   In appellant's remaining assignment of error, she argues that the trial court erred by denying her motion for leave to amend the complaint.

**{¶ 7}**   Pursuant to Civ.R. 15(A), a party may amend a complaint "once as a matter of course within twenty-eight days after serving it," after which "a party may amend its pleading only with the opposing party's written consent or the court's leave." Civ.R. 15(A); *State ex rel. Hook-N-Haul, LLC v. Ohio Dept. of Pub. Safety*, 10th Dist. No. 22AP-29, 2023-Ohio-4432, ¶ 24, citing *Morrissette v. DFS Servs., L.L.C.*, 10th Dist. No. 10AP-633, 2011-Ohio-2369, ¶ 30.  The Supreme Court has found that it is preferable for cases to be resolved on the merits and not upon deficiencies in the pleadings. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 175 (1973).  "Although the grant or denial of leave to amend a pleading is discretionary, where it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion." *Id.*  A trial court abuses its discretion by denying a motion to amend pleadings when a plaintiff makes a prima facie showing of support for new matters sought to be pleaded. *Wilmington Steel Prods, Inc.* at syllabus.

**{¶ 8}**   While " 'Civ.R. 15(A) provides that leave of court shall be freely given when justice so requires, there is no absolute or unlimited right to amend a complaint.' " *Rosenberger v. Paduchik*, 10th Dist. No. 22AP-320, 2023-Ohio-3898, ¶ 15, quoting *Rose v. Cochran*, 4th Dist. No. 14CA3445, 2014-Ohio-4979, ¶ 20.  "Because Civ.R. 15(A) expresses a preference for liberality with respect to amendments, a motion for leave to amend should be granted absent a finding of bad faith, undue delay, or undue prejudice to the opposing party." *Hook-N-Haul* at ¶ 24, citing *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6 (1984); *see also Samas v. Holliman*, 10th Dist. No. 02AP-947, 2003-Ohio-1647, ¶ 21. When considering a plaintiff's motion for leave to amend its complaint, " 'a trial court's "primary consideration is whether there is actual prejudice to the defendants because of the delay." ' " *Darby v. A-Best Prods. Co.*, 102 Ohio St.3d 410, 2004-Ohio-3720, ¶ 20, quoting

*Helman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231, 251 (7th Dist.2000), quoting *Schweizer v. Riverside Methodist Hosps.*, 108 Ohio App.3d 539, 546 (10th Dist.1996). The " 'spectre of prejudice' " occurs when plaintiff requests leave to amend the complaint after a defendant has filed a dispositive motion. *Hook-N-Haul* at ¶ 24, quoting *State ex rel. N. Ohio Chapter of Assoc. Builders & Contrs., Inc. v. Barberton City School Bd. of Edn.*, 9th Dist. No. C.A. 24898, 2010-Ohio-1826, ¶ 28, citing *Brown v. FirstEnergy Corp.*, 9th Dist. No. C.A. 22123, 159 Ohio App.3d 696, 2005-Ohio-712, ¶ 6.

{¶ 9} In the motion for leave to amend, appellant alleged leave was necessary to include additional facts that were fleshed out during the discovery process and the amendment would serve to have the complaint conform with the evidence in the case. Appellant also contends that the third amended complaint was envisioned to address issues raised in the motion for judgment on the pleadings. According to appellant, the third amended complaint was intended to address the motions for judgment of the pleadings by "(1) further clarifying certain issues relative to the ongoing acts of negligence, and (2) pleading that the Defendants were timely served with 180-day letters, even though Defendants, and specifically Dr. Mendiola, had taken a contrary position in the motions for judgment on the pleadings." (Appellant's Brief at 33.) Appellant noted that amending the complaint would also serve to remove parties that have been dismissed from the case and clarify the loss of consortium claim. (Appellant's Brief at 33-34.); (Dec. 11, 2020 Decision & Entry at 3.)

{¶ 10} Upon review, we cannot find that the trial court abused its discretion by denying appellant's motion for leave to amend. As noted by the trial court, appellant did not file her motion until 11 years from the second amended complaint and more than 5 years since the discovery period concluded. The trial court noted, and we agree, that there was no explanation for waiting so long to seek leave to amend the complaint. Appellant also only sought leave to amend the complaint after the motion for judgment on the pleadings was filed. Moreover, the motion for leave to amend was brought approximately six months from the March 29, 2021 trial date. (Dec. 11, 2020 Decision & Entry at 8.) Thus, we understand the trial court's reasoning that additional concerns with reopening discovery and additional dispositive motions would result in prejudice to appellees. (Dec. 11, 2020 Decision & Entry at 5.)

{¶ 11} This court has consistently affirmed the trial court's denial of motions for leave to amend under analogous circumstances. *See Lundeen v. Graff*, 10th Dist. No. 15AP-32, 2015-Ohio-4462, ¶ 30 (finding the denial of a motion to amend was not an abuse of discretion when the motion was brought after appellees filed a motion for summary judgment, the motion to amend was filed two years after the prior complaint, the discovery period had concluded, and trial was approximately four months away); *Leatherwood*, 2013-Ohio-4780, at ¶ 12 (finding denial of motion to amend was not an abuse of discretion as it was made after the motion for summary judgment was filed, the motion was brought nearly nine months after the complaint, the discovery cutoff period had concluded, and trial was three months away); *Nationwide Mut. Ins. Co. v. Am. Elec. Power*, 10th Dist. No. 08AP-339, 2008-Ohio-5618, ¶ 21 (concluding a grant of plaintiff's motion for leave to amend would result in prejudice to the defendant because discovery was complete, and defendant had already filed a motion for summary judgment).

{¶ 12} Appellant also argues that it is inequitable that her motion was denied while appellees' motion for leave was granted. While we agree that this argument is compelling to an extent, it is ultimately unpersuasive as the two motions are distinguishable. Appellees filed their motion in response to the Supreme Court ruling in *Antoon*, 2016-Ohio-7432. Here, appellant waited over a decade from the last amended complaint, without explanation, to seek leave to file a third amended complaint. The potential prejudice to appellees is apparent. As we have recognized in our prior cases, granting a motion for leave would likely have required reopening of discovery, a delay of the trial to permit additional pre-trial preparations, the filing of new dispositive motions, and potentially a need for further expert testimony to address appellant's new claims. *Lundeen* at ¶ 30; *Leatherwood* at ¶ 12; *Nationwide Mut. Ins. Co.* at ¶ 21.

{¶ 13} To be sure, under the facts of this case, this panel could have certainly reached a different conclusion if looking at the motion in the first instance. However, under an abuse of discretion analysis, we may not substitute our judgment for that of the trial court. *Retirement Mgt. Co. v. Nsong*, 10th Dist. No. 15AP-876, 2017-Ohio-5869, ¶ 15, citing *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990) ("When applying an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court.").

For the forgoing reasons, we cannot say that the trial court's denial of leave to amend was an abuse of discretion.

{¶ 14} Appellant's remaining assignment of error is overruled.

## V.  CONCLUSION

{¶ 15} Having overruled appellant's remaining assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LELAND, JJ., concur.

_____