[Cite as *Kravitz, Brown & Dortch, L.L.C., v. Klein*, 2016-Ohio-5594.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kravitz, Brown & Dortch, LLC, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 16AP-200 |
| | | (C.P.C. No. 14CV-3180) |
| Peter M. Klein, in his capacity as Trustee of the Peter M. Klein and Ashley B. Klein Irrevocable Trusts, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant/Third-Party Plaintiff-Appellant, | : | |
| | : | |
| Michael D. Dortch, Esq. et al., | : | |
| Third-Party Defendants-Appellees. | : | |

D E C I S I O N

Rendered on August 30, 2016

**On brief:** *Kravitz, Brown & Dortch, LLC, Michael D. Dortch* and *Richard R. Parsons*, for appellee. **Argued:** *Michael D. Dortch* and *George H. Carr.*

**On brief:** *Plank Law Firm, LPA,* and *David Watkins*, for appellant. **Argued:** *David Watkins.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Defendant-appellant, Peter M. Klein, in his capacity as Trustee of the Peter M. Klein and Ashley B. Klein Irrevocable Trusts ("appellant"), appeals from a judgement of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Kravitz, Brown & Dortch, LLC ("appellee"), for appellant's

counterclaims for breach of contract, unjust enrichment, and vicarious liability, as well as his affirmative defense for legal malpractice, in response to appellee's claim for unpaid legal fees.  As to these counterclaims, we conclude that the statute of limitations had run. However, we conclude that appellee failed to demonstrate that there was no genuine issue of material fact as to the quality of the legal representation appellant received, pursuant to appellant's affirmative defense for recoupment on a theory of legal malpractice, we reverse as to the claim for legal fees due.

### Statement of Facts

{¶ 2}   On April 16, 2010, appellee was engaged by appellant to evaluate and pursue claims against William Goldman, Michael Braunsten, and their law firm Goldman & Braunsten. On June 4, 2010, appellee filed suit against Goldman & Braunsten on appellant's behalf. The case proceeded to trial from July 23, 2012 through August 2, 2012. The trial resulted in a jury verdict in favor of Goldman & Braunsten. On March 24, 2014, appellee filed this action to collect unpaid legal fees in the amount of $118,149.48, plus interest, from its former client, appellant.

### Procedural Posture

{¶ 3}   On May 20, 2014, appellant filed his answer, counterclaim, and third-party complaint in response to appellee's suit to collect on its unpaid legal fees. The answer denied liability for the unpaid legal fees, and the counterclaim and third-party complaint sought damages for breach of contract, unjust enrichment, and legal malpractice.

{¶ 4}   Appellee filed a motion for summary judgment on December 16, 2014 on all claims and counterclaims brought by appellant, including the recoupment defense, for failure to provide an expert witness testimony in support of them. The next day, on December 17, 2014, appellee also filed a motion for summary judgment on its initial complaint for the unpaid legal fees.

{¶ 5}   Appellant filed a combined memorandum contra plaintiff's motion for summary judgment on its complaint and motion for summary judgment on appellant's counterclaim and third-party complaint on February 26, 2015, which included the affidavit of expert witness Daniel Volkema.

{¶ 6} On March 5, 2015, appellee and the third-party defendants filed a combined reply in support of the motion for summary judgment on all counterclaims and third-party claims, including recoupment.

{¶ 7} On February 9, 2016, the trial court issued the entry granting the motion of appellee and third-party defendants Dortch and Parsons for summary judgment on counterclaims and third party claims, as well as an entry granting the motion of appellee for summary judgment on its complaint.

## Discussion

{¶ 8} Appellant appeals from the trial court's judgment, assigning three errors for this court's review:

> [I.] THE TRIAL COURT ERRED BY FINDING THAT THE GIST OF THE TRUSTEE'S COUNTERCLAIM IS MALPRACTICE.
>
> [II.] THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE ON ITS COMPLAINT ON ALL COUNTERCLAIMS AND ON THE THIRD-PARTY COMPLAINT.
>
> [III.] THE TRIAL COURT ERRED BY BARRING APPELLANT'S RECOUPMENT DEFENSE.

{¶ 9} We begin our analysis with appellant's first and second assignments of error, in which he asserts that the trial court erred by finding that the gist of his counterclaim was legal malpractice, consequently granting summary judgment in favor of appellee.

{¶ 10} An order granting summary judgment is subject to de novo review. *Capella III, L.L.C. v. Wilcox,* 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.,* 93 Ohio St.3d 547, 548 (2001). "[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." *Holt v. State,* 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9. Summary judgment is appropriate where "the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for

summary judgment is made." *Capella III* at ¶ 16, citing *Gilbert v. Summit Cty.,* 104 Ohio St.3d 660, 2004-Ohio-7108, ¶ 6. In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the nonmoving party. *Pilz v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8. *See also Hannah v. Dayton Power & Light Co.,* 82 Ohio St.3d 482, 485 (1998) ("Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion."). Therefore, we undertake an independent review to determine whether appellee was entitled to judgment as a matter of law.

{¶ 11} The trial court determined that appellee was entitled to summary judgment on appellant's counterclaims for breach of contract, unjust enrichment, and vicarious liability based on the statute of limitations stated in R.C. 2305.11(A), indicating that legal malpractice claims must be brought within one year of the claim for relief accruing.

{¶ 12} The statute of limitations governing legal malpractice was deemed to be applicable because of the precedent set by the Tenth District Court of Appeals case *Illinois Natl. Ins. Co. v. Wiles, Boyle, Burkholder & Bringardner Co., L.P.A.,* 10th Dist. No. 10AP-290, 2010-Ohio-5872, ¶ 15, which states:

> Claims arising out of an attorney's representation, regardless of their phrasing or framing, constitute legal malpractice claims that are subject to the one-year statute of limitations set forth in R.C. 2305.11(A). When the gist of a complaint sounds in malpractice, other duplicative claims are subsumed within the legal malpractice claim. Indeed, malpractice by any other name still constitutes malpractice.

{¶ 13} The trial court determined that appellant's counterclaims did arise out of his legal representation by appellee, that "the gist of its counterclaim against KB&D is the legal malpractice of Dortch and Parsons," thereby coming down on the side appellee, which stated in its merit brief that all of appellant's counterclaims "relate to whether [appellee] provided adequate legal services." (Feb. 9, 2016 Entry granting Summ. Jgmt. at 7; Appellee's Merit Brief at 21.)

{¶ 14} Appellant meanwhile asserts in his merit brief that his counterclaims do not arise out of the legal representation he received from appellee, since they do not have to do with

the quality of the work actually performed as compared to the standards of other similarly situated attorneys, as would need to be asserted for a legal malpractice claim. The definition for "malpractice" appellant uses comes from *Illinois Natl.*, which states that " 'The term "malpractice" refers to professional misconduct, i.e., the failure of one rendering services in the practice of a profession to exercise that degree of skill and learning normally applied by members of that profession in similar circumstances.' " *Id.* at ¶ 16, quoting *Natl. Union Fire Ins. Co. v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, citing *Strock v. Pressnell*, 38 Ohio St. 3d 207 (1988) citing 2 Restatement of the Law 2d, Torts, Section 299A (1965).

{¶ 15} We will determine whether each of appellant's counterclaims ought to be properly considered a legal malpractice claim based on the case authority from *Illinois Natl.*, one at a time, and thus whether the trial court was proper in granting summary judgment. The key will be to determine whether each counterclaim clearly stems from the legal representation appellant received from appellee.

### The Breach of Contract Claim

{¶ 16} Appellant's breach of contract claim is based on two asserted violations of his contract with appellee: appellee's spending more time than was reasonable and necessary for the services that were rendered, as well as appellee's failure to bill on a monthly basis.

### Spending More Time than was Reasonable and Necessary

{¶ 17} Appellant asserts in his merit brief that the attorneys from appellee billed excessive hours over the course of their time working on his case, spending more time than was reasonable for the services that were rendered. Appellant asserts that, as a result of this, appellee's charges were excessive as well.

{¶ 18} Although this superficially looks like a billing issue, this actually concerns the quality of the work that appellee performed while legally representing appellant, since it's only as a result of appellee's purported inefficiency while working on the case that the charges ended up being so high. That makes this issue a claim "arising out of an attorney's representation," meaning that under *Illinois Natl.*, this is a legal malpractice claim. The trial court was right to grant summary judgment in favor of appellee on this issue.

## Failure to Bill on a Monthly Basis

{¶ 19} Appellant also asserts that appellee failed to issue monthly invoices for the legal services that were rendered, as was agreed upon in the contract. As a result of this, appellant states he was not informed of the mounting costs of litigating the case in a manner that would enable him to make an informed decision about whether to continue pursuing it.

{¶ 20} Failing to bill on time and failing to keep appellant adequately informed of the mounting costs of litigating the case constitute a lack of proper professional conduct by appellee, which relates to the quality of the legal representation that appellee provided appellant. Therefore, the trial court was correct to grant summary judgment on this issue, and consequently the breach of contract claim as a whole, pursuant to the statute of limitations stated in R.C. 2305.11(A).

## The Unjust Enrichment Claim

{¶ 21} The crux of appellant's unjust enrichment claim is that the charges he was billed for and the legal services he received far exceeded what would have been reasonable to pay for such services, according to the expert testimony of David Volkema. This claim concerns the quality of the legal services rendered by appellee as part of its attorney-client relationship with appellant, making this a claim "arising out of an attorney's representation." That means that this is a legal malpractice claim under *Illinois Natl.* The trial court was right to grant summary judgment in favor of appellee on this issue.

## The Vicarious Liability Claim

{¶ 22} Finally, appellant asserts a claim for vicarious liability against attorneys Dortch and Parsons for the damages he incurred as a result of the malpractice of the firm Dortch and Parsons work for, appellee. The crux of the argument for this claim concerns the quality of the legal representation that was rendered by Dortch and Parsons, making this a claim "arising out of an attorney's representation," meaning that under *Illinois Natl.*, this is a legal malpractice claim. The trial court was right to grant summary judgment in favor of appellee on this issue.

{¶ 23} Since each of appellant's counterclaims has been deemed by this court to actually constitute claims for legal malpractice pursuant to the rule under *Illinois Natl.*,

the trial court was correct to grant summary judgement in favor of appellee based on the statute of limitations for legal malpractice, as stated in R.C. 2305.11(A), having run.

{¶ 24} Accordingly, we overrule appellant's first and second assignments of error.

{¶ 25} We continue our analysis with the appellant's third assignment of error, in which he asserts that the trial court erred by barring his recoupment defense.

{¶ 26} Appellant brought his recoupment defense, which in this case took the form of an affirmative defense for legal malpractice, in response to appellee's motion for summary judgment on its legal fees. The applicable law governing the standard for granting summary judgment on a legal malpractice claim, including ones presented as affirmative defenses, is *Schottenstein, Zox & Dunn, LPA v. C.J. Mahan Constr. Co., LLC,* 10th Dist. No. 08AP-851, 2009-Ohio-3616, which states:

> To prevail on a claim for legal malpractice based upon negligent representation, a plaintiff must establish: (1) the attorney owed a duty or obligation to the plaintiff; (2) the attorney breached that obligation and failed to conform to the standard law requires; and (3) the conduct complained of is causally connected to the resulting damage or loss. *Vahila v. Hall*, 77 Ohio St.3d 421, 1997 Ohio 259, 674 N.E.2d 1164, syllabus. The failure of a party asserting a legal malpractice claim to establish any one of the three elements entitles the opposing party to summary judgment. *Katz v. Fusco* (Dec. 9, 1997), 10th Dist. No. 97APE06-846, 1997 Ohio App. LEXIS 5614.

*Id.* at ¶ 17.

{¶ 27} Since appellant was asserting an affirmative defense alleging legal malpractice in response to appellee's motion for summary judgment, his defense needed to successfully assert all three of these criteria in order to succeed. That is, appellant needed to assert that appellee owed him a standard of care, appellee breached that standard through its actions in representing him, and he suffered damages as a result of this breach. Appellant also needed to provide expert testimony supporting his assertions of these criteria, as according to *Schottenstein*, a legal malpractice claim such as this is not "sufficiently within the common understanding of lay people so as to eliminate defendant's obligation to submit expert testimony on plaintiff's alleged failure to comply

with the standard of care." *Id.* at ¶ 26. Pursuant to this requirement, appellant submitted the Volkema affidavit in support of his affirmative defense.

{¶ 28} The trial court ruled that the Volkema affidavit was not admissible as expert testimony pursuant to the requirements set by Civil Rule 56 and the Ohio Rules of Evidence. In reaching its decision, the trial court stated that the affidavit did not establish the specific facts upon which Volkema relied in formulating his opinions, the affidavit did not establish the standard of care that must have been met by appellee in order to avoid committing legal malpractice, and the affidavit did not articulate a definite amount of damages that resulted from appellee's malpractice.

{¶ 29} However, these assertions by the trial court are inaccurate. The Volkema affidavit establishes the facts upon which Volkema relied in formulating his opinions in paragraph 13. Furthermore, Volkema sets out the applicable standard of care in paragraph 20 of his affidavit, in which he explains that a reasonably prudent attorney must provide an assessment of the risks and benefits of litigation relative to the likely costs to the client as soon as possible in his or her representation of the client. Volkema also articulates a definite amount of damages that resulted from appellee's malpractice in paragraph 30 of his affidavit: $140,000. For these reasons, the trial court erred in determining that the Volkema affidavit was not admissible as expert testimony, so the trial court erred by granting summary judgment in favor of appellee.

{¶ 30} Accordingly, we sustain appellant's third assignment of error.

### Conclusion

{¶ 31} For the foregoing reasons, appellant's first and second assignments of error are overruled, and appellant's third assignment of error is sustained. We, therefore, reverse the judgment of the Franklin County Court of Common Pleas as to the underlying claim for fees due and remand the claim of unpaid fees for further proceedings which consider the defense of recoupment in accordance with law and consistent with this decision.

*Judgment affirmed in part, reversed in part; case remanded for further proceedings.*

KLATT and HORTON, JJ., concur.

_____