[Cite as *Brust v. Kravitz*, 2016-Ohio-7871.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Shawn K. Brust, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 16AP-201 |
| v. | : | (C.P.C. No. 15CVH-1926) |
| Janet E. Kravitz et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on November 22, 2016

**On brief:** *Shawn K. Brust*, pro se.

**On brief:** *Janik L.L.P., Steven G. Janik,* and *Audrey K. Bentz*, for appellee Janet E. Kravitz.

**On brief:** *Law Office of Gary S. Shroyer*, and *Gary S. Shroyer*, for appellee H. Tim Merkle.

**On brief:** *Kegler Brown Hill + Ritter Co., LPA, Jonathan E. Coughlan*, and *Jason H. Beehler*, for appellees Danny W. Bank and Lorie L. McCaughan.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiff-appellant, Shawn K. Brust, appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendants-appellants Janet E. Kravitz, the Estate of Max Kravitz, H. Tim Merkle, Danny W. Banks, and Lorie L. McCaughan. For the reasons that follow, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 19, 1997, appellant was arrested for murder. Appellant hired Merkle and attorney Max Kravitz to represent him in his criminal case. There was no

written fee agreement. On August 28, 1997, a Franklin County Grand Jury indicted appellant for aggravated murder in case No. 97CR-4790, with a specification that appellant had discharged a firearm from a motor vehicle ("drive-by specification"). The State of Ohio also brought a civil action against appellant seeking forfeiture of his 1986 Subaru Trooper automobile allegedly used in the commission of the crime (case No. 14CVH-13459). Appellant alleges that Max Kravitz also agreed to represent him in the forfeiture case for "*the sum of* $10,000.oo; from the funds paid into the defendants [sic] account." (Emphasis sic.) (Compl. at 3.) There was no written fee agreement.

{¶ 3} On December 24, 1997, Merkle filed an answer on appellant's behalf in the forfeiture case. Bank and McCaughan of the Capital University Legal Clinic subsequently agreed to perform certain discovery-related work in the forfeiture case.

{¶ 4} On October 1, 1998, a Franklin County jury found appellant guilty of murder but not guilty of the drive-by specification. On December 5, 1998, the trial court convicted appellant of murder and imposed a prison term of 15 years to life, with an additional 3 years for a gun specification. Appellant appealed to this court from his conviction and sentence. On April 27, 1999, the trial court granted the parties' joint motion to stay the forfeiture case pending appellant's appeal of his conviction. The stay order permitted the parties to conduct discovery.

{¶ 5} Appellant's complaint alleges that his state court appeal from his conviction and sentence concluded on August 2, 2000. Max Kravitz died in 2007, survived by his wife and former law partner, Janet E. Kravitz ("Kravitz").

{¶ 6} On March 10, 2014, approximately seven years after the death of Max Kravitz, the state moved the court to lift the stay in the forfeiture case due to the conclusion of the criminal case. The court lifted the stay on March 11, 2014. On March 20, 2014, Bank and McCaughan moved the court for leave to withdraw as counsel for appellant in the forfeiture case. According to appellant's complaint, he was unaware that the forfeiture case had been stayed until he received correspondence from Bank informing him that Bank and McCaughan had recently moved the court for leave to withdraw. Appellant also claims that he did not know Bank and McCaughan had undertaken his representation in the forfeiture case until he received Bank's correspondence.

{¶ 7}   Appellant filed a pro se motion for summary judgment in the forfeiture case on May 20, 2014.  On June 27, 2014, the state dismissed the action by filing a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a).  Appellant filed a motion for the release of his property on August 13, 2014, which the trial court granted on October 1, 2014.

{¶ 8}   Appellant filed the instant action against appellees on March 4, 2015 alleging legal malpractice, breach of contract, and promissory estoppel.  On April 10, 2015, Merkle filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6).  Appellant filed a memorandum in opposition on April 28, 2015.  On May 4, 2015, Kravitz filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), both individually and on behalf of the estate of Max Kravitz, deceased ("Estate").  Appellant filed a memorandum in opposition on May 19, 2015.   On December 9, 2015, Bank and McCaughan ("clinic defendants") filed a motion for summary judgment, pursuant to Civ.R. 56(B), arguing that they were entitled to judgment as a matter of law due to appellant's failure to produce expert testimony in support of his claim of legal malpractice.  Kravitz and the Estate also filed a motion for summary judgment on December 9, 2015, even though their prior motion to dismiss was still pending.

{¶ 9}   On January 20, 2016, appellant filed a motion for leave to file a motion for summary judgment instanter pursuant to Civ.R. 56(A).  While his motion to dismiss was pending, Merkle also filed a motion for leave to file a motion for summary judgment instanter on January 21, 2016.  Merkle's proposed motion and memorandum in support "incorporates the Motions for Summary Judgment and Reply Memorandums in Support of Summary Judgment filed by his co-defendants."  (Jan. 21, 2016 Mot. at 2.)  Merkle's proposed motion also incorporates his own affidavit, previously filed by Kravitz, wherein Merkle opines that both he and Max Kravitz met the applicable standard of care in their representation of appellant in the forfeiture case.  On February 10, 2016, Merkle filed his second affidavit in support of summary judgment.

{¶ 10} On February 22, 2016, the trial court issued two separate decisions on the pending motions.  In the first decision, the trial court dismissed appellant's claims against Kravitz and the Estate as untimely filed but denied Merkle's motion to dismiss.  In the second decision, the trial court granted Merkle's motion for leave to file a motion for

summary judgment instanter and then granted both Merkle's motion for summary judgment and the motion for summary judgment filed by the clinic defendants. The trial court "**DISMISSED AS MOOT** any and all other motions."[1] (Emphasis sic.) (Feb. 22, 2016 Decision at 16.)

{¶ 11} Appellant has appealed to this court from the judgment of the trial court.

## II. ASSIGNMENTS OF ERROR

{¶ 12} Appellant appeals and assigns the following as error:

[1.] The Trial Court Erred In Its Misconstruction Of The Law Based On Erroneous Findings Of Fact To The Prejudice Of The Appellant In Granting Appellee Janet E. Kravitz's Motion To Dismiss Appellant's Compliant [sic] For Legal Malpractice Against The Estate Of Max Kravitz As Time-Barred Under R.C. § 2305.11(A).

[2.] The Trial Court Erred In Its Misconstruction Of The Law Based On Erroneous Findings Of Fact To The Prejudice Of The Appellant By Finding That Dismissal Was Warranted Because Appellant Failed To Present His Claims Against The Estate Of Max Kravitz Within Six Months As Required By R.C. § 2117.06.

[3.] The Trial Court Erred To The Prejudice Of The Appellant In Granting Appellee Merkle's Motion For Summary Judgment Prematurely Where Appellant Filed Several Motion's [sic] To Strike Appellee's Motion For Summary Judgment And The Affidavit's [sic] Filed In Support Of The Motion For Summary Judgment Which Failed To Comply With The Mandates Set Forth In Civil Rule 56(C), Civ. R. 56(E) And Franklin Co. Local Rules 57.02 and 21.01, Which Constitutes Reversible Error By The Trial Court By Failing To Thoroughly Examine All Appropriate Materials Filed By Appellant Before Ruling On The Motion For Summary Judgment.

[4.] The Trial Court Erred To The Prejudice Of The Appellant By Granting Capital University Law Clinic Defendants' Motion For Summary Judgment Where The Appellees' Breach Of Contract And The Damages Flowing Therefrom Was So Apparent As To Obviate The Need For Expert Testimony. In This Specific Case, It Could Be Determined As A Matter Of

---

[1] On February 24, 2016, appellant moved the trial court to strike Merkle's second affidavit.

Law Under The Four Corners Of The Oral Contract That Expert Testimony Is Not Required To Establish Appellant's Claim That Appellees' Failed to Fulfill Their Contractual Obligations.

## III.  LEGAL ANALYSIS

### A.  First Assignment of Error

{¶ 13} In appellant's first assignment of error, appellant argues that the trial court erred when it determined that the one-year limitation period in R.C. 2305.11(A) barred his claim of legal malpractice against both Kravitz and the Estate.[2]  We disagree.

{¶ 14} "A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted 'is procedural and tests the sufficiency of the complaint.' "  *McBroom v. Safford*, 10th Dist. No. 11AP-885, 2012-Ohio-1919, ¶ 7, quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989).  "In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, it must appear 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief.' "  *McBroom* at ¶ 7, quoting *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 2011-Ohio-6167, ¶ 3 (8th Dist.), citing *LeRoy v. Allen, Yurasek & Merklin,* 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 15} "An appellate court employs 'a de novo standard of review for motions to dismiss filed pursuant to Civ.R. 12(B)(6).' "  *McBroom* at ¶ 9, quoting *Grey* at ¶ 3, citing *Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St.3d 228 (1990).  "Under de novo analysis, we are required to 'accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party.' "  *McBroom* at ¶ 9, quoting *Grey* at ¶ 3, citing *Byrd v. Faber*, 57 Ohio St.3d 56 (1991).

{¶ 16} "Although a party may not generally raise an affirmative defense in a Civ.R. 12(B)(6) motion, there is an exception where the existence of the affirmative defense is obvious from the face of the complaint."  *Morrow v. Reminger & Reminger Co. L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665 (10th Dist.), ¶ 19, fn. 2; *Reasoner v. Columbus*,

---

[2] We note that appellant's assignments of error do not expressly challenge the trial court's dismissal of appellant's claim against Kravitz individually.  Nevertheless, appellant raised that issue in his merit brief and Kravitz has responded in kind.  Accordingly, we will address the dismissal of Kravitz in this decision.

10th Dist. No. 02AP-831, 2003-Ohio-670, ¶ 12, citing *Mankins v. Paxton*, 142 Ohio App.3d 1, 9 (10th Dist.2001). For example, "[a] court may dismiss a complaint under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the face of the complaint conclusively shows that the action is time barred." *Pearson v. Columbus*, 10th Dist. 14AP-313, 2014-Ohio-5563, ¶ 8, citing *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 13.

### 1. The Claim Against the Estate

{¶ 17} Courts determine the applicable statute of limitations for a claim from the gist of the complaint and not from the label that a party may assign to a set of facts. *Rumley v. Buckingham, Doolittle & Burroughs*, 129 Ohio App.3d 638, 641 (10th Dist.1998). *See also Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, 8th Dist. No. 98861, 2014-Ohio-25, ¶ 35, citing *Hibbett v. Cincinnati*, 4 Ohio App.3d 128, 131 (1st Dist.1982). When the gist of a complaint sounds in malpractice, the other duplicative claims, even those labeled as breach of contract and promissory estoppel, are subsumed within the legal malpractice claim. *Id.*

{¶ 18} The one-year statute of limitations contained in R.C. 2305.11(A) is applicable to all claims sounding in legal malpractice. *Kravitz, Brown & Dortch, LLC v. Klein*, 10th Dist. No. 16AP-200, 2016-Ohio-5594, ¶ 12, citing *Illinois Natl. Ins. Co. v. Wiles, Boyle, Burkholder & Bringardner Co., L.P.A.*, 10th Dist. No. 10AP-290, 2010-Ohio-5872, ¶ 15. "[U]nder R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney *or* when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." (Emphasis added.) *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54, 58 (1989), citing *Omni-Food & Fashion, Inc. v. Smith*, 38 Ohio St.3d 385 (1988).

{¶ 19} The trial court concluded that the allegations in appellant's complaint conclusively established that the one-year limitations period in R.C. 2305.11(A) barred appellant's legal malpractice claims against the Estate. We agree.

{¶ 20} The trial court first found that a cognizable event occurred on August 20, 2002, when, according to appellant's complaint, the appeals in his criminal case reached a conclusion. The trial court reasoned that because appellant acknowledged that the legal basis for the state's forfeiture case was the drive-by specification in the indictment and because appellant was aware that the jury found him not guilty of specification, a reasonable person in appellant's position would have begun to make inquiries regarding the release of his 1986 Isuzu Trooper, at the latest, when his criminal appeals concluded. Appellant has not alleged that he contacted counsel regarding the return of his 1986 Isuzu Trooper at any time after August 20, 2002 and before the death of Max Kravitz in 2007.

{¶ 21} Though the trial court found that the cognizable event occurred on August 20, 2002, the trial court did not conclude that appellant's cause of action accrued on that date nor did the trial court rule that appellant's malpractice claim against the Estate lapsed on August 20, 2003, one year after the cognizable event. Rather, the trial court recognized that the stay order in the forfeiture case had the affect of extending or tolling the limitations period for his legal malpractice claim against the Estate because the attorney-client relationship between appellant and Max Kravitz had not terminated. Along with the discovery rule, the termination rule creates an exception to the general principle that a claim accrues when the wrongful act occurs. *Omni-Food. See also Clemens v. Nelson Fin. Group, Inc.*, 10th Dist. No. 14AP-537, 2015-Ohio-1232, ¶ 48. In determining the accrual date of claims for legal malpractice, courts apply the discovery rule in combination with the termination rule. *Id.* Under the termination rule, accrual occurs when the attorney-client relationship for a particular transaction or undertaking terminates. *Id.*, citing *Omni-Food* at paragraph one of the syllabus.

{¶ 22} There is no dispute that Max Kravitz died in 2007. " 'Death is a tyrant that disregards all the relations between attorney and client; his stroke dissolves them.' " *England v. Barstow*, 30 Ohio App.2d 42, 44 (4th Dist.1972), quoting *Cisna's Admr. v. Beach*, 15 Ohio 300, 301 (1846). Because the attorney-client relationship is a personal one, the death of either the client or the attorney terminates the attorney-client relationship. *Id. See also Liberty Mut. Ins. Co. v. Paris*, 8th Dist. No. 74064 (May 20, 1999). "[A] lawyer's actual authority to represent a client ends when * * * the lawyer dies." Restatement of the Law 3d, The Law Governing Lawyers, Section 31(2)(d) (2000).

{¶ 23} Because the attorney-client relationship between appellant and Max Kravitz terminated on the death of Max Kravitz in 2007, appellant's cause of action against the Estate for legal malpractice accrued in 2007, regardless whether the forfeiture case was still pending. Appellant did not file his complaint against the Estate until 2015, well beyond the one-year statute of limitations applicable to legal malpractice claims. Because the allegations of the complaint conclusively establish that appellant's cause of action for legal malpractice against the Estate lapsed in 2008, the trial court did not err when it dismissed appellant's complaint against the Estate, pursuant to Civ.R. 12(B)(6), for failure to state a claim on which relief can be granted.

### 2. The Claim Against Kravitz Individually

{¶ 24} Appellant does not allege that Kravitz represented him in the forfeiture case or that she performed any legal work in that case. Accordingly, appellant's claim of legal malpractice against Kravitz is vicarious in nature. Under Ohio law, "a law firm may be vicariously liable for legal malpractice only when one or more of its principals or associates are liable for legal malpractice." *Natl. Union Fire Ins. Co. v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, ¶ 26. "The vicarious liability of a law firm and its principals * * * *presupposes that a firm principal or employee is liable on one or more claims* * * * and considers when the firm itself and each of its principals share in that liability." (Emphasis sic.) *Id.* at ¶ 25, quoting Restatement of the Law 3d, The Law Governing Lawyers, Section 58, Comment a (2000).

{¶ 25} As we have affirmed the trial court's determination that R.C. 2305.11(A) barred appellant's legal malpractice claim against the Estate, Kravitz cannot be vicariously liable to appellant in her capacity as a partner in Kravitz & Kravitz. Accordingly, even if Ohio law permitted vicarious liability among partners in a law firm under the circumstances in this case, Kravitz cannot be vicariously liable to appellant because the applicable statute of limitations bars appellant's claim against the Estate.

{¶ 26} For the foregoing reasons, appellant's first assignment of error is overruled.

### B. Second Assignment of Error

{¶ 27} In appellant's second assignment of error, appellant takes exception to the trial court's alternative holding that R.C. 2117.06 barred appellant's claim against the Estate. R.C. 2117.06(A) and (B), pertaining to claims against a decedent's estate, provides

that "[a]ll creditors having claims against an estate, including claims arising out of * * * tort * * * shall be presented within six months after the death of the decedent."  Pursuant to R.C. 2117.06(C), claims not presented within six months after the death of the decedent are "forever barred."

{¶ 28} The Estate argues that R.C. 2117.06(C) barred appellant's legal malpractice claim against the Estate due to appellant's failure to assert his claim within six months of the death of decedent.  Appellant counters that he is not seeking recovery from the assets of the Estate but from the proceeds of any insurance policy owned by Max Kravitz during his lifetime that may have provided coverage for appellant's malpractice claim.  Accordingly, appellant contends that his claim is exempted from R.C. 2117.06(C) by operation of R.C. 2117.06(G).

{¶ 29} R.C. 2117.06(G) provides as follows:

> Nothing in this section or in section 2117.07 of the Revised Code shall be construed to reduce the periods of limitation or periods prior to repose in section 2125.02 or Chapter 2305. of the Revised Code, provided that no portion of any recovery on a claim brought pursuant to that section or any section in that chapter shall come from the assets of an estate unless the claim has been presented against the estate in accordance with Chapter 2117. of the Revised Code.

{¶ 30} In overruling appellant's first assignment of error, we held that the trial court did not err when it determined that R.C. 2305.11(A) barred appellant's legal malpractice claim against the Estate because appellant did not file his complaint within one year of the death of Max Kravitz.  Consequently, even if we accept appellant's contention that he is seeking recovery exclusively out of insurance proceeds and not from the assets of the estate, any trial court error with respect to its alternative holding under R.C. 2117.06 is harmless error.  Appellant's legal malpractice claim against the Estate is time-barred regardless of whether appellant seeks recovery against the assets of the Estate or from a policy of insurance.

{¶ 31} Accordingly, appellant's second assignment of error is overruled.

### C. Third Assignment of Error

{¶ 32} In appellant's third assignment of error, appellant contends that the trial court erred when it granted summary judgment in favor of Merkle.  We disagree.

{¶ 33} Pursuant to Civ.R. 56(C), summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing* Co., 54 Ohio St.2d 64, 66 (1978). "When seeking summary judgment on grounds that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims." *Lundeen v. Graff*, 10th Dist. No. 15AP-32, 2015-Ohio-4462, ¶ 11, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once the moving party meets its initial burden, the nonmovant must set forth specific facts demonstrating a genuine issue for trial. *Dresher* at 293.

{¶ 34} Appellate review of summary judgments is de novo. *Gabriel v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 14AP-870, 2015-Ohio-2661, ¶ 12, citing *Byrd v. Arbors E. Subacute & Rehab. Ctr.*, 10th Dist. No. 14AP-232, 2014-Ohio-3935. "When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination." *Id.*, citing *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992). "We must affirm the trial court's judgment if any of the grounds raised by the movant in the trial court are found to support it, even if the trial court failed to consider those grounds." *Id.*, citing *Helfrich v. Allstate Ins. Co.*, 10th Dist. No. 12AP-559, 2013-Ohio-4335, ¶ 7, citing *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 35} "To establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." *Vahila v. Hall*, 77 Ohio St.3d 421 (1997), syllabus. " 'If the party moving for summary judgment in a negligence action can point to evidence illustrating that the nonmoving party will be

unable to prove any one of these elements, then the movant is entitled to judgment as a matter of law.' " *Chilton-Clark v. Fishel*, 10th Dist. No. 16AP-76, 2016-Ohio-7135, ¶ 11, quoting *Second Natl. Bank of Warren v. Demshar*, 124 Ohio App.3d 645, 648 (11th Dist.1997).

{¶ 36} In *McInnis v. Hyatt Legal Clinics*, 10 Ohio St.3d 112 (1984), the Supreme Court of Ohio held that in a legal malpractice case, expert testimony is generally required in order to prove breach of the duty that the attorney owed to the plaintiff, unless the claimed breach of professional duty is "well within the common understanding of * * * laymen." *Id.* at 113. " 'Expert testimony is required so that the trier of fact does not have to speculate on the standard of care, particularly in a complex case involving [matters] which are normally not within the realm of understanding of the layman.' " *Lundeen* at ¶ 17, quoting *Northwestern Life Ins. Co. v. Rogers*, 61 Ohio App.3d 506, 512 (10th Dist.1989). Accordingly, " '[i]n all but a few cases, expert testimony is required to support allegations of professional malpractice.' " *Lundeen* at ¶ 17, quoting *Party Dock, Inc. v. Nasrallah*, 10th Dist. No. 99AP-1345 (Oct. 5, 2000), citing *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 130 (1976).

{¶ 37} " 'The duty of an attorney to his client is to "* * * exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent in discharging the duties he has assumed." ' " *Yates v. Brown*, 185 Ohio App.3d 742, 2010-Ohio-35, ¶ 17 (9th Dist.), quoting *Palmer v. Westmeyer*, 48 Ohio App.3d 296, 298 (6th Dist.1988), quoting 67 Ohio Jurisprudence 3d, Malpractice, Section 9, at 16 (1986). Here appellant alleges that his attorneys, including Merkle, breached a duty of care owed to him by failing to enter written fee agreements, failing to properly allocate fees between his criminal case and forfeiture case, failing to move the court for the return of his vehicle on the completion of his criminal case on October 30, 1998, improperly seeking a stay in the forfeiture case, and failing to request the stay be lifted on August 2, 2000. Appellant also alleges that the liability of each attorney who represented him in his forfeiture case is joint and several.

{¶ 38} In his motion for summary judgment, Merkle relied on his own affidavit in support of his motion for summary judgment. Merkle's co-defendant, Kravitz, submitted

Merkle's first affidavit on January 15, 2016, as an exhibit to a reply brief in support of the motion for summary judgment on behalf of Kravitz individually and the Estate. The trial court expressly relied on Merkle's first affidavit in granting Merkle's motion for summary judgment. The affidavit provides, in relevant part, as follows:

> 2. I am an attorney duly licensed to practice law in the state of Ohio since 1979.
>
> * * *
>
> 5. In 1997, I, along with Max Kravitz ("Max"), were retained by the parents of Shawn Brust to represent him in relation to a criminal charge against him for aggravated murder, among other things.
>
> 6. In addition to the criminal case, a civil forfeiture action was filed in which Mr. Brust's 1986 Isuzu Trooper ("Vehicle") was sought to be forfeited by the State of Ohio ("Forfeiture Action").
>
> 7. Following a criminal jury trial, Mr. Brust was convicted of the lesser charge of murder and sentenced by the Court to 18 years to life in prison.
>
> 8. Following his conviction for murder, Mr. Brust expressed no desire or concern to me about the status of the Vehicle or the return of it to him.
>
> 9. Despite the fact that the Vehicle was not returned to Mr. Brust immediately following the criminal trial, the State of Ohio was under no obligation to dismiss or drop the Forteiture Action and could have elected to proceed in the Forfeiture Action.
>
> 10. Based on this, it is unlikely that the Vehicle would have been returned to Mr. Brust immediately following the criminal case.
>
> 11. Mr. Brust has suffered no damage as the vehicle was ultimately released to him after the State of Ohio dismissed its Forfeiture Action.
>
> * * *

> 13. *Based upon my knowledge, experience, training, and education, the actions undertaken by both Max and me on behalf of Mr. Brust in handling his matters were at or above the standard of care for such representation in the legal community.*
>
> 14. **The opinions expressed herein are made with a reasonable degree of professional certainty.**

(Emphasis added.)  (Merkle Aff. at 1-2.)

{¶ 39}  An affidavit from the acting attorney is a legally sufficient basis on which to grant a motion for summary judgment in a legal malpractice action absent any opposing affidavit of a qualified expert witness for the plaintiff.  *Yates* at ¶ 17.  The trial court determined that Merkle's affidavit provided the necessary evidentiary support for Merkle's argument that he met the applicable standard of care in his representation of appellant in the forfeiture case.  The trial court granted summary judgment in favor of Merkle because appellant failed to produce rebuttal testimony from a legal expert establishing the applicable standard of care, a breach of the standard of care by Merkle, and damages proximately caused thereby.

{¶ 40}  Appellant's position throughout this litigation has been that expert testimony is not required for him to satisfy the elements of his claim for legal malpractice. Consequently, in opposing summary judgment, appellant has produced no expert opinion testimony that Merkle breached a duty of care owed to appellant. Nor has appellant presented the testimony of an expert witness in support of his claim that Merkle may be held jointly and severally liable to him, under the circumstances of this case, for any breach of the applicable standard of care by Max Kravitz.

{¶ 41}  As noted above, expert testimony is not required only in cases in which the breach is " 'so obvious that it may be determined by the court as a matter of law,' " *Bloom v. Dieckmann*, 11 Ohio App.3d 202 (1st Dist.1983), quoting Annotation, 14 A.L.R.4th 170, 173 (1982), or where the claimed breach of a professional duty is within the common understanding of a layman.  *Lundeen* at ¶ 17, citing *McInnis* at 113.  For example, "[t]he failure to abide by a client's specific instructions may be sufficient to establish a breach of a professional duty without expert testimony."  *Dimacchia v. Burke*, 904 F.2d 36 (6th Cir.1990), citing *McInnis* at 113.  Similarly, expert testimony may not be necessary to

support a legal malpractice claim where the attorney fails to file a viable claim before the statute of limitations expires. *DePugh v. Sladoje,* 111 Ohio App.3d 675, 681-82 (2d Dist.1996).

{¶ 42} In *Yates,* the plaintiff brought a malpractice action against Brown, an attorney who represented her in her divorce action. Plaintiff alleged that Brown was negligent in the performance of his duties. Plaintiff also filed a complaint for malpractice against another attorney who had represented her in the same divorce action. The trial court granted summary judgment in favor of Brown because he had presented evidence that the plaintiff had not produced expert testimony in support of her claim. In affirming the trial court's ruling, the Ninth District Court of Appeals stated:

> Where multiple attorneys were involved in the underlying representation, and where the plaintiffs have alleged negligent representation by more than one attorney, the trial court did not err by concluding that expert testimony was necessary to establish a prima facie case of legal malpractice in regard to an individual attorney. In fact, expert testimony would be critical under these circumstances to determining causation and either parsing or eliminating liability.

Id. at ¶ 24.

{¶ 43} Appellant has not alleged that he gave any specific instructions to Merkle regarding the forfeiture case. Nor has appellant alleged that his property was forfeited due to Merkle's failure to take any particular action in his forfeiture case. Additionally, appellant's allegations regarding attorney fees are not within the common understanding of laymen or so obvious that it may be determined by the court as a matter of law. Nor is the appropriate legal strategy in the defense of a civil forfeiture case. Given the allegations of legal malpractice raised by appellant in this case, we hold that the trial court did not err when it determined that appellant was required to produce expert testimony to both support his prima facie case for legal malpractice and to overcome Merkle's properly supported motion for summary judgment.

{¶ 44} Additionally, as was the case in *Yates*, appellant has sued several attorneys who represented him in the forfeiture case. Like the plaintiff in *Yates*, appellant has failed to produce expert testimony in support of his claim of legal malpractice. Moreover, each of the attorneys who represented appellant in this case, with the exception of decedent,

Max Kravitz, has filed an affidavit averring that they met the applicable standard of care in their representation of appellant. Under these circumstances, expert testimony was required to establish appellant's prima facie case of legal malpractice in regard to any single attorney who represented him in the forfeiture case including expert opinion regarding causation and the parsing or elimination of individual attorney liability. *Id.* *See also Gijbertus D.M. van Sommeren v. Gibson*, 6th Dist No. L-12-1144, 2013-Ohio-2602 (though there is no general requirement for expert testimony on the causation element of a legal malpractice claim, certain factual circumstances, such as multiple attorney representation, may make such testimony necessary); *Troyer v. Hardin*, N.D. Ohio No. 5:10CV2391 (Feb. 17, 2012), citing *Yates* (where client "asserted malpractice was committed by numerous attorneys, she cannot demonstrate that [one attorney] was the proximate cause of any damage without expert testimony that would differentiate between [that particular attorney] and the [other] defendants"). Appellant's failure to produce the required expert testimony in opposition to Merkle's properly supported motion for summary judgment prevents a judgment in appellant's favor as a matter of law.

{¶ 45} In order to avoid the impact of Merkle's affidavit and appellant's own failure to produce expert testimony in support of his malpractice claim, appellant's third assignment of error challenges the admissibility of Merkle's affidavit and argues that the trial court prematurely ruled on Merkle's motion for summary judgment.

{¶ 46} Appellant first contends that the affidavits filed by Merkle in support of his motion for summary judgment contain conclusory assertions that are not admissible in evidence. We disagree.

{¶ 47} "When an affidavit containing opinions is made part of a motion for summary judgment, it is properly considered by a trial or reviewing court when it meets the requirements set forth in Civ.R. 56(E) and the Ohio Rules of Evidence." *Franjesh v. Berg*, 9th Dist. No. 17534 (Oct. 2, 1996), citing *Tomlinson v. Cincinnati*, 4 Ohio St.3d 66 (1983). Civ.R. 56(E) requires that supporting affidavits "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Pursuant to Evid.R. 705, an "expert may testify in terms of opinion or inference and give the expert's

reasons therefor after disclosure of the underlying facts or data."  Pursuant to Evid.R. 704, an expert's opinion is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact if that opinion is otherwise admissible.  *Douglass v. Salem Community Hosp.*, 153 Ohio App.3d 350, 2003-Ohio-4006, ¶ 20 (7th Dist.).

{¶ 48} In this instance, Merkle avers that he is an attorney licensed to practice law in the state of Ohio, he has personal knowledge of the relevant facts and circumstances underlying his representation of appellant in both the criminal case and the forfeiture case, and his opinions regarding the applicable standard of care and breach are based on his knowledge, experience, training, and education as an attorney.  Thus, the averments in Merkle's affidavits are admissible opinions and not unsupported conclusions.

{¶ 49} Appellant next argues that the trial court violated Loc.R. 57.02 of the Court of Common Pleas of Franklin County, General Division, and abused its discretion when it considered Merkle's affidavit because it was not attached to his motion for summary judgment.  We disagree.

{¶ 50} Loc.R. 57.02 provides that "[a]ll affidavits, depositions, and other evidentiary materials permitted by Civ.R. 56(C) in support of or in opposition to the motion for summary judgment shall be filed with the motion."  The record shows that Kravitz timely submitted Merkle's affidavit on January 15, 2016, as support for the motion for summary judgment she filed on her own behalf and on behalf of the Estate.  Kravitz filed the motion for summary judgment prior to the time Merkle filed his motion for summary judgment. Merkle's proposed motion for summary judgment expressly incorporated his own previously filed affidavit.  Civ.R. 56(C) provides, in relevant part, that "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, *affidavits*, transcripts of evidence, and written stipulations of fact, if any, *timely filed in the action*, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  (Emphasis added.)

{¶ 51} There is nothing in the Ohio Rules of Civil Procedure or the Local Rules of the Franklin County Court of Common Pleas that expressly prohibits a party from joining a motion filed by a co-defendant or incorporating evidentiary materials filed by a co-defendant.  Appellant's literal interpretation of Loc.R. 57.02 is inconsistent with Civ.R.

56(C) and does not advance the stated purpose of the local rules, which is to expedite the disposition of civil cases while at the same time safeguarding the rights of litigants and the just processing of their cases. *See* Rules of Practice of the Court of Common Pleas, Statement of Purpose. Moreover, appellant cannot claim unfair prejudice arising from the trial court's consideration of Merkle's affidavit given the fact that appellant had prior notice of the affidavit and a reasonable opportunity to submit rebuttal evidence. On this record, we find that the trial court did not abuse its discretion in denying appellant's motion to strike and in considering Merkle's affidavit in ruling on Merkle's motion for summary judgment.

{¶ 52} Appellant next contends that the trial court violated Loc.R. 21.01 when it prematurely ruled on Merkle's motion for summary judgment. Loc.R. 21.01 provides as follows:

> All motions shall be accompanied by a brief stating the grounds and citing the authorities relied upon. The opposing counsel or a party shall serve any answer brief on or before the 14th day after the date of service as set forth on the certificate of service attached to the served copy of the motion. The moving party shall serve any reply brief on or before the 7th day after the date of service as set forth on the certificate of service attached to the served copy of the answer brief. *On the 28th day after the motion is filed, the motion shall be deemed submitted to the Trial Judge.*

(Emphasis added.)

{¶ 53} As noted above, Merkle filed his motion for leave on January 21, 2016. Appellant opposed the motion and moved to strike Merkle's first affidavit. On February 22, 2016, the trial court granted Merkle's motion for leave instanter and denied the motion to strike. Accordingly, Merkle's motion for summary judgment was deemed filed on January 21, 2016. Under Loc.R. 21.01, Merkle's motion for summary judgment was deemed submitted on February 18, 2016. Thus, the trial court did not violate Loc.R. 21.01 when it ruled on the motion on February 22, 2016.

{¶ 54} To the extent that appellant argues that he was unfairly prejudiced by the trial court's consideration of Merkle's second affidavit filed on February 10, 2016, there is no indication in the trial court's decision that it considered the second affidavit. The trial

court quoted appellant's previously filed affidavit and expressly relied on the opinions expressed in that affidavit when it granted Merkle's motion for summary judgment. The trial court did not mention Merkle's second affidavit. Moreover, because the trial court had not yet ruled on appellant's motion for leave to file a motion for summary judgment instanter, Merkle's second affidavit was timely filed in opposition thereto. *See* Civ.R. 56(C). Consequently, the record does not disclose any trial court error with regard to Merkle's second affidavit.

{¶ 55} Finally, to the extent that appellant claims that the trial court failed to consider evidence appellant submitted in opposition to the motion for summary judgment, we note that the trial court decision contains a detailed recitation of the evidentiary materials submitted by appellant. Thus, the record demonstrates that the trial court considered appellant's evidence but found it to be insufficient to create a genuine issue of material fact in light of the unrebutted expert testimony submitted by Merkle.

{¶ 56} For the foregoing reasons, appellant's third assignment of error is overruled.

### D.  Fourth Assignment of Error

{¶ 57} In appellant's fourth assignment of error, appellant contends that the trial court erred when it granted summary judgment in favor of the clinic defendants. We disagree.

{¶ 58} The clinic defendants timely filed their own affidavits in opposition to appellant's motion for leave to file a motion for summary judgment instanter. The trial court relied on the affidavits in granting summary judgment. McCaughan's affidavit provides, in relevant part, as follows:

> 3.  I am a licensed attorney in Ohio * * *.
>
> 4. I am a Professor of Clinical Studies for the Capital University Law School and co-director of the Capital Legal Clinic * * *.
>
> * * *
>
> 6. In the fall of 1999, Columbus attorney Max Kravitz approached the Capital Legal Clinic for assistance with drafting and serving discovery in a civil forfeiture action

related to a criminal matter that he and attorney Tim Merkle had been handling for a criminal defendant named Shawn Brust.

* * *

8. Mr. Kravitz asked if Danny Bank and I would agree to assist (pro bono) in drafting and serving discovery in the civil forfeiture matter, which we agreed to do. The sole purpose for which my services were engaged was to pursue discovery in the civil forfeiture action.

9. Accordingly, Mr. Bank and I drafted discovery requests, filed a notice of appearance in the civil forfeiture action on October 19, 1999, and served discovery requests that same day on the Franklin County Prosecutor's Office.

10. We received responses to the discovery requests that we served.

11. We had no further involvement with this matter * * *.

12. Although I understand that Mr. Kravitz was paid for his work on the criminal matter, neither I nor the Capital Legal Clinic received any financial payment of any kind in return for our services in drafting and serving discovery in the civil forfeiture matter. We performed the work pro bono.

* * *

16. * * * *I believe to a reasonable degree of professional certainty that my actions in representing Mr. Brust in a limited capacity in the forfeiture action met the acceptable standard of professional care.*

(Emphasis added.)[3]  (Jan. 25, 2016 Memo. in Opp., Ex. B at 1-2.)

{¶ 59} As noted above, appellant failed to produce expert testimony in support of his legal malpractice claim. Appellant argues that expert testimony is not necessary to create an issue of fact regarding either a breach of the applicable standard of care by the clinic defendants or a causal connection between the alleged breach and appellant's damages. As noted in connection with appellant's third assignment of error, appellant's

---

[3] The averments in the affidavit of Bank mirror those of McCaughan.

allegations of legal malpractice in this case are neither within the common understanding of laymen or so obvious that it may be determined by the court as a matter of law. Accordingly, Ohio law required appellant to present expert testimony in order to satisfy the elements of his prima facie case for legal malpractice and to rebut the expert opinion testimony regarding the applicable standard of care. Appellant also failed to present expert testimony in support of his theory that under the circumstances of this case, each of the attorneys who represented him in the forfeiture case are jointly and severally liable to him for any breach of the standard of care that may have occurred during his representation.

{¶ 60} The clinic defendants have presented undisputed evidence that they agreed to represent appellant in the forfeiture case for the limited purpose of drafting and serving written discovery. The clinic defendants also produced undisputed expert opinion testimony that in representing appellant in a limited capacity in the forfeiture case that they met the acceptable standard of professional care performing legal work for appellant. Appellant failed to produce any competent evidence to rebut the expert opinion testimony of Bank and McCaughan. Accordingly, we hold that the trial court did not err when it granted summary judgment in favor of the clinic defendants. Appellant's fourth assignment of error is overruled.

## IV.  CONCLUSION

{¶ 61} Having overruled appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.

_____